Manly, J.
Upon the case agreed-, this Court is of opinion with the plaintiff, ’The controversy arises upon ihe construction of the following paragraph in the will of Henry Buchanan: .
*90 “5 th item. I give and devise to Alexander Riley one tract of land on wbicb I now livej known as tlie Dickson tract of land7 for him and his mother and the rest of the children to live on, untiT.the youngest become of age ; also, a negro boy named Alfred, &c.”
The question is, whether Alexander Riley take* a fe« simple in the land, or a term, to last only through the minority of the youngest child. There .is a general residuary paragraph in the following words :
“ íth item. I give-and bequeath to iny son, Richmond, all the remaining part of my property, or all my property not otherwise disposed of; and should Richmond die” <fec. The legatee, Richmond, herein named, who is the defendant in this suit, claims the remainder in the land after the arrival at age (21) of the youngest child; which event has happened.
■■ The language of the paragraph and the silence of the will in all its parts as to any remainder in land, lead to the conclusion that it was testator’s intention to give the entire legal estate to Alexander Riley.
“ I give and devise to Alexander Riley one tract of land,” is.not the language which a testator- usually, employs,-when carving out a particular estate in land. “ I lend" or “I giye until,” would be more obvious and natural.
There is no all usion in any part of the will to a supposed remainder in this important portion of his estate ; and there is nothing in the residuary item to induce a belief that it was then, in any way, present to his mind. Our duty, therefore, is plainly indicated by the rule of construction laid down in.the statute law, Revised Code, oh. 118, sec. 26, which is in these words: u when real estate shall be'clevised to any person, the same shall he *91 held and construed to be a devise in fee simple, unless ■such devisé shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to- convey an estate of' less dignity.”
. The gift, by virtue of this declared will of the Legisla*-, ture, must then be held to be a gift in fee simple, for there is nothing in the will to qualify or limit it. The words annexed to the gift, “ for him and his mother and the rest of the children to live on until the youngest becomes of age,” seem to be an inartificial way of creating a trust for a limited term, and may well be interpreted in that sense. Indeed, we eannot suppose that it was the intention of the testator, in so obscure " a way, te qualify his former words of bequest, and to limit an estate for a tferm of years only.
There must be a judgment affirming that .below, viz; that the plaintiff recover his term, &c.